IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Kevin KELSAY, Attorney at Law.†

Supreme Court

*No. 88-2087-D. Submitted on briefs April 25, 1990.—Filed
June 4, 1990.*

(Also reported in 455 N.W.2d 871.)

†Motion for reconsideration denied.

For the Board of Attorneys Professional Responsibility there was a brief by *Jeananne L. Danner,* Milwaukee.

For the respondent there was a brief by *Kevin M. Kelsay,* Milwaukee.

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

This is an appeal by the Board of Attorneys Professional Responsibility (Board) from the referee's recommendation of discipline to be imposed on Attorney Kevin Kelsay for professional misconduct. Neither the Board nor Attorney Kelsay appealed from any of the referee's findings of fact or conclusions of law regarding the professional misconduct; thus, the only issue on appeal is the discipline to be imposed for that misconduct.

Taking into account that Attorney Kelsay had been ineligible to practice law since November, 1987 because of his failure to pay bar association dues and fulfill continuing legal education requirements, the referee recommended that Attorney Kelsay's ineligibility be continued as an indefinite license suspension until he establishes that he is a "good moral risk" to have his license rein-

stated.[1] The referee did not state, however, that the term for which Attorney Kelsay had already been ineligible to practice would be sufficient discipline for his misconduct; his recommendation for an indefinite suspension was based on his assessment that Attorney Kelsay's current "responsibility level" could not be ascertained on the record in this proceeding. In essence, then, the referee has recommended against reinstating Attorney Kelsay's eligibility to practice at this time. Appealing from the recommendation of an indefinite suspension, the Board asserts that the discipline to be imposed should be a license suspension for a specified period of time related to Attorney Kelsay's misconduct.

We have stated as a general principle that discipline for lawyer misconduct is not intended as punishment for wrongdoing; it is for the protection of the public, the courts and the legal profession from further misconduct by the offending attorney, to deter other attorneys from engaging in similar misconduct and to foster the attorney's rehabilitation. SCR 21.03(5).[2] To achieve those ends, discipline should be a specific sanction commensurate with the nature and extent of the attorney's miscon-

---

[1]Referring to Attorney Kelsay's defenses to his misconduct—cocaine addiction and stress following his divorce and the death of his father, the referee specified the requisite showing to be: ". . . that he is not likely again to fall victim to drug abuse; that he will not permit emotional stresses to control him, and that he has an adequate understanding of his obligations to the Court, the Public, and the Profession [and] that he has stayed abreast of required courses in Continuing Legal Education including a thorough understanding of the Supreme Court Rules."

[2]SCR 21.03(5) provides, in part: "Discipline for misconduct is not intended as punishment for wrongdoing but is for the protection of the public, the courts and the legal profession . . .."

duct. As the license suspension recommended by the referee here is not of specific duration, we modify the recommendation accordingly.

In response to the professional misconduct established by the referee's uncontested findings of fact and conclusions of law, we suspend Attorney Kelsay's license to practice law for three years. That misconduct included the failure to deposit client funds into a trust account, neglect of numerous client legal matters, misrepresentations to clients concerning actions taken on their behalf, failure to return client files and unearned fees, failure to communicate with clients, failure to promptly pay funds as directed by a client, conversion of client funds to his own use and the repeated failure and refusal to respond to the Board in its investigation of client grievances, including the failure to produce trust account records, files and other material requested by the Board. By this misconduct, Attorney Kelsay has established his unwillingness and, often, his adamant refusal to meet his fundamental professional obligations to clients and to the court's disciplinary authority. He has shown a pattern of putting his personal interests above those of his clients, to whom he owed the duty of pursuing their legal matters and, in some cases, from whom he had requested and received payment in advance for his services.

The egregious nature and the extensive pattern of Attorney Kelsay's misconduct calls for a severe disciplinary response to impress upon him the seriousness of his misconduct and to protect the public from the risk of further misconduct on his part until such time as he has demonstrated that he is once again fit to function in our legal system on behalf of clients and in our courts. A three-year license suspension is the appropriate response.

In addition to the license suspension, we will require, as the referee recommended, that Attorney Kelsay pay the costs of this proceeding and make restitution to two clients whose funds he had converted, the amounts of which were ascertained in the course of this proceeding. Further, as a condition of reinstatement, Attorney Kelsay will have to repay to his clients fees he had collected but did not earn.

Attorney Kelsay was admitted to practice law in Wisconsin in 1984 and practiced in Milwaukee county. Although not previously the subject of an attorney disciplinary proceeding, he has been ineligible to practice law since his suspension from membership in the State Bar of Wisconsin in November, 1987 for nonpayment of association dues and since February, 1988 for his failure to comply with the court's continuing legal education rules. The referee is Attorney Robert P. Harland.

Following a lengthy disciplinary hearing, the referee made the following findings of fact and conclusions of law.

(1) In February, 1987 Attorney Kelsay received three checks totaling $1,000 as settlement proceeds on behalf of two clients, of which he was entitled to one-third as his fee. He did not deposit those funds into his client trust account and, when one of the clients requested her portion of the proceeds, he did not send them. After that client filed a grievance with the Board, Attorney Kelsay sent the clients the proceeds in the form of checks written on his client trust account, following which he deposited the necessary funds into that account to pay those checks.

During the course of its investigation of this matter, the Board twice asked Attorney Kelsay by letter to produce his trust account records and he failed to do so. Appearing before the Board at its request, he again

refused to produce his trust account records, asserting his privilege against self-incrimination. The Board then subpoenaed those records from the bank. Attorney Kelsay subsequently failed to respond to a notice to appear before the Board at an investigative meeting.

The referee concluded that Attorney Kelsay's failure to deposit client funds in a trust account violated SCR 20.04(4)[3] and 20.50(1)[4]; his failure to produce trust account records upon Board request violated SCR 11.05(2)[5]; his failure to appear before the Board pursu-

---

[3]SCR 20.04(4) provides: "**Misconduct** A lawyer shall not: . . . (4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[4]SCR 20.50(1) provides, in part:

> All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated . . .

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

[5]SCR 11.05(2) provides:

> A member of the state bar shall maintain and preserve for at least 6 years complete records pertaining to client's funds or assets received by him or her which are required to be distributed or segregated by sub. (1). The records shall include his or her trust fund checkbooks and the stubs thereof, statements of the account, vouchers and canceled checks or share drafts thereon or microfilm copies thereof and his or her account books showing dates, amounts and ownership of all deposits to and withdrawals by check or share draft or otherwise from the accounts, and all of the records shall be deemed to have public aspects as related to the member's fitness to practice law. Upon request of the board of attorneys professional responsibility, or upon direction of the supreme court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at

ant to its request and failure to produce his trust account records after numerous Board requests to do so violated SCR 21.03[6] and 22.07(2) and (3).[7]

(2) In April, 1987, the Board asked Attorney Kelsay to respond to a client grievance concerning his delay in filing a divorce judgment. Attorney Kelsay responded that he had resolved the matter with the client, who later wrote to the Board that she wished to withdraw the grievance. The Board then notified Attorney Kelsay that, nevertheless, he was required to respond to the

any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(e).

[6]SCR 21.03(4) provides:

Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[7]SCR 22.07 provides:

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

486

grievance. Attorney Kelsay did not respond to four letters from the Board requesting a response.

The referee concluded that this conduct violated SCR 21.03(4) and 22.07(2) and (3).

(3) In April, 1987, a grievance was filed with the Board alleging that Attorney Kelsay failed to file a divorce judgment which had been entered the previous October. When the Board wrote to Attorney Kelsay asking him to take the necessary steps to file the judgment, he responded that he had mailed the judgment to the court for filing and would check to determine why it had not been filed. More than one month later, he advised the Board that he would attempt to locate the judgment during the following week. The Board did not hear again from Attorney Kelsay until he appeared in September, 1987, at which time he expressed his belief that one of the parties had removed the judgment from the court file but offered no evidence to support that statement. The referee found that Attorney Kelsay never filed the judgment.

The referee concluded that the failure to file a divorce judgment constituted neglect of a legal matter, in violation of SCR 20.32(3).[8]

(4) A woman retained Attorney Kelsay to represent her in a child support matter in December, 1986. Attorney Kelsay told her in April, 1987 that a hearing in the matter was scheduled for May 4, 1987. Two days prior to that date, he told her the hearing had to be postponed because of a scheduling conflict and asked her to meet him at his office. He failed to keep that appointment, cancelled an appointment subse-

---

[8]SCR 20.32 provides: "A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.3.

quently scheduled and did not respond to numerous messages the client left on his telephone answering machine over the following weeks. Ultimately, it was learned that Attorney Kelsay never filed the motion in the client's matter.

During the Board's investigation, Attorney Kelsay failed to respond to a request for information concerning the client's grievance and a certified letter to him from the Board was returned unclaimed. When he appeared before the Board, Attorney Kelsay stated that he was unaware the client had paid him a $300 retainer, expressing his belief that his former secretary had stolen that money. He also denied ever having met the client. Notwithstanding those claims, he agreed to refund the $300 retainer and produce the client's file and his office receipt book, but he failed to do so.

The referee concluded that the failure to file a motion to increase child support on behalf of his client constituted neglect of a legal matter, in violation of SCR 20.32(3); his misrepresentation concerning the scheduling of a hearing in the matter violated SCR 20.04(4); his failure to return the client's file and return unearned fees to the client violated SCR 20.16(1)(b) and (c);[9] his failure to respond to Board inquiries violated SCR

---

[9]SCR 20.16 provides:

. . .

(1)(b)   In any event, a lawyer may not withdraw from employment until he or she has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to his or her client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules.

(c)   A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.16.

21.03(4)[10] and 22.07(2) and (3).

(5)  In February, 1986, Attorney Kelsay filed an action to recover earnest money a client had paid in a real estate transaction. The defendant filed a counterclaim for breach of contract and a motion for change of venue. Attorney Kelsay failed to appear at a scheduling conference, stating he had not received notice of it because he had changed his address. Attorney Kelsay also failed to appear at a hearing on the motion for change of venue and the court granted the motion.

During the Board's investigation, Attorney Kelsay failed to respond to a written request for information concerning the client's grievance. When he appeared before the Board, Attorney Kelsay stated he had been unable to locate his client's file and told the Board that his client's action had been dismissed and that he had told his client of that dismissal and offered to refund the costs he had paid. In fact, the action had not been dismissed; the venue had been changed. When asked by the Board to respond to this information, Attorney Kelsay did not do so.

The referee concluded that Attorney Kelsay's failure to appear in court on his client's behalf and failure to prosecute the client's action and his failure to respond to his client's inquiries constituted neglect of a legal matter, in violation of SCR 20.32(3); his statement to the Board that the action had been dismissed constituted a misrepresentation, in violation of SCR 22.07(2); his failure to respond to Board inquiries violated SCR 21.03(4) and 22.07(2) and (3).

---

[10]SCR 21.03(4) provides: "Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

(6) In August, 1987, the Board asked Attorney Kelsay to respond to the grievance of a client whom he was representing in a worker's compensation matter who said he was unable to contact Attorney Kelsay, despite leaving numerous messages with his office and requesting the return of his file in the matter. Attorney Kelsay did not respond to that request.

The compensation matter was set for hearing on October 2, 1987 and the Board again wrote to Attorney Kelsay requesting his response to the client's grievance. Attorney Kelsay responded on October 13, 1987, stating that he was sending the client his file and that, because of various personal problems, he was prevented from responding to the client's telephone calls.

The client again contacted the Board on October 21, 1987, stating that he had not received his file. The Board wrote to Attorney Kelsay on October 23, 1987, telling him the matter required his prompt attention. Attorney Kelsay did not respond and the compensation claim was dismissed without prejudice. The Board again wrote to Attorney Kelsay seeking his response in the matter; again Attorney Kelsay failed to respond.

The referee concluded that Attorney Kelsay neglected his client's legal matter, in violation of SCR 20.32(3); his withdrawal from the client's representation shortly before the hearing and without returning the client's file violated SCR 20.16(1)(b); his failure to respond to Board letters inquiring into the matter, violated SCR 21.03(4) and 22.07(2) and (3).

(7) In July, 1987, a client he had represented in a divorce action retained Attorney Kelsay to seek a reduction in child support, for which he gave him money to pay the filing and service fees. The client's numerous attempts to contact Attorney Kelsay thereafter were unsuccessful. Ultimately, the client went to Attorney

Kelsay's home and talked with him, at which time Attorney Kelsay told him to get other counsel but offered no explanation. During the Board's investigation of this client's grievance, Attorney Kelsay failed to respond to a letter of inquiry from the Board.

The referee concluded that Attorney Kelsay neglected this client's legal matter, in violation of SCR 20.32(3) and violated SCR 21.03(4) and 22.07(2) and (3) by failing to respond to the Board's inquiry.

(8) Attorney Kelsay did not file an appeal of an adverse decision on his client's Social Security claim, as he had agreed to do. During the Board's investigation, he failed to respond to a Board request for information concerning the client's grievance. The referee concluded that the failure to file the appeal constituted neglect of a legal matter, in violation of SCR 20.32(3) and his failure to respond to the Board's inquiry violated SCR 21.03(4) and 22.07(2).

(9) A man retained Attorney Kelsay in September, 1987 to represent him in a worker's compensation matter. Thereafter the client was unable to contact Attorney Kelsay, who did not answer numerous messages the client left on his telephone answering machine. The client's claim was scheduled for hearing on November 12, 1987 and after the client retained other counsel to represent him, Attorney Kelsay did not respond to that attorney's request for the client's file. Attorney Kelsay appeared before the Board in late September, 1987 and agreed to return the client's file but did not do so, notwithstanding two letters from the Board reminding him of his agreement. Attorney Kelsay ultimately gave the file to successor counsel three days before the scheduled hearing.

The referee concluded that Attorney Kelsay neglected this client's legal matter, in violation of SCR 20.32(3); his failure to timely return the client's file vio-

lated SCR 20.16(1)(b); his failure to respond to Board letters violated SCR 21.03(4) and 22.07(2) and (3).

(10) Attorney Kelsay sent a client a post-dated check written on his trust account representing the client's share of settlement proceeds. When the client deposited that check, it was returned for insufficient funds. Attorney Kelsay failed to return numerous telephone calls from his client in this matter and did not respond to a request from the Board for an explanation of the dishonor of his trust account check.

The referee concluded that Attorney Kelsay neglected this legal matter and failed to adequately communicate with his client, in violation of SCR 20.32(3); his failure to respond to the Board's inquiry violated SCR 21.03(4) and 22.07(2) and (3).

(11) When he left his employment with a law firm in May, 1986, Attorney Kelsay took with him a client's worker's compensation claim and third-party claim. The compensation claim was subsequently settled and the client had until September 27, 1987 to file the third-party action. Attorney Kelsay agreed to prepare and file the third-party action and scheduled an appointment with the client for April 21, 1987 to review the matter. He later canceled that meeting and did not respond to telephone calls from the client.

On July 13, 1987 the client wrote to Attorney Kelsay by certified mail asking that the action be filed; that letter was returned unclaimed. On August 3, 1987 Attorney Kelsay told the client that he would not file the action and told him to get other counsel but offered no explanation. The client then sent Attorney Kelsay a registered letter stating that he expected him to file the action but that if he insisted on not doing so, he would get other counsel. Attorney Kelsay did not reply to that

letter or to a request from the Board to respond to that client's grievance.

The referee concluded that Attorney Kelsay neglected this client's legal matter, in violation of SCR 20.32(3) and failed to cooperate with the Board, in violation of SCR 21.03(4) and 22.07(2) and (3).

(12) In early 1987 Attorney Kelsay undertook to recover payment of medical bills and rehabilitative training for a client whose worker's compensation claim he had previously settled. In November, 1987, the client filed a grievance with the Board stating that she had been unable to contact Attorney Kelsay since July and that he failed to appear at a hearing in her matter in October and had not advised her that the hearing had been scheduled. The Board wrote to Attorney Kelsay requesting his response but he did not respond. The Board then wrote him a letter telling him to return the client's file but Attorney Kelsay did not respond.

The referee concluded that Attorney Kelsay neglected this client's matter and failed to adequately communicate with her, in violation of SCR 20.32(3); his failure to return the client's file in a pending matter violated SCR 20.16(1)(b); his failure to respond to the Board's letters violated SCR 21.03(4) and 22.07(2) and (3).

(13) Attorney Kelsay did not respond to a client's numerous telephone calls concerning a post-divorce matter she had retained him to pursue. He also failed to respond to her request for the return of her file. When the Board wrote to him asking him for a response to the client's grievance, Attorney Kelsay did not respond.

The referee concluded that Attorney Kelsay neglected this client's legal matter and failed to adequately communicate with his client, in violation of SCR 20.32(3); his failure to return the client's file violated

SCR 20.16(1)(b); his failure to respond to the Board's letter of inquiry violated SCR 21.03(4) and 22.07(2) and (3).

(14) After his client in a worker's compensation matter was unable to contact him for several months, despite leaving numerous telephone messages, Attorney Kelsay told the client to hire other counsel and said he would return the client's file. The client retained other counsel but Attorney Kelsay did not return the file. He also failed to inform the client of a conference which the client was to attend. When the Board wrote to Attorney Kelsay concerning the client's grievance, he did not respond.

The referee concluded that Attorney Kelsay neglected this client's legal matter and failed to adequately communicate with him, in violation of SCR 20.32(3); his failure to return the client's file in the pending matter violated SCR 20.16(1)(b); his failure to respond to the Board's letter of inquiry violated SCR 21.03(4) and 22.07(2) and (3).

(15) After agreeing to pursue a client's disability claim, Attorney Kelsay did not respond to her numerous attempts to contact him. He did, however, file a request for review of the denial of her claim and additional time to submit new evidence. He was given 30 days to submit new evidence but did not submit any. He also failed to respond to the Board's inquiry into the client's grievance. The referee concluded that Attorney Kelsay neglected this client's legal matter and failed to adequately communicate with his client, in violation of SCR 20.32(3).

(16) In an action in which Attorney Kelsay obtained a $26,000 judgment for his clients, the issue of punitive damages remained to be tried. Attorney Kelsay was given until May 1, 1987 to file a list of witnesses and

a list of damages. When he failed to do so, the court dismissed the punitive damage claim with prejudice. The clients filed a grievance with the Board stating that they had been unable to contact Attorney Kelsay since late 1986 and that they were unaware that the punitive damage claim had been dismissed. Attorney Kelsay did not respond to a letter from the Board inquiring into the clients' grievance.

The referee concluded that Attorney Kelsay neglected this legal matter and failed to adequately communicate with his clients, in violation of SCR 20.32(3).

(17) For more than one year Attorney Kelsay failed to pursue the issuance of a birth certificate for his client's child and did not contact the client. The referee concluded that he neglected this legal matter, in violation of SCR 20.32(3).

(18) In May, 1985, the court granted a $1,230 judgment on behalf of Attorney Kelsay's client. The judgment debtor sent the client $200. Although the client had informed him of this payment, Attorney Kelsay garnished the funds of the debtor for the full $1,230 judgment and deposited those funds in his trust account. He knew the debtor had overpaid its indebtedness by $200 and that he was obligated to return the overpayment but he did not, despite demands of his client to do so. The Board wrote to Attorney Kelsay in March, 1988 requesting an explanation and its letter was returned unclaimed. Attorney Kelsay did not respond to additional letters the Board sent him in this matter, even though he was aware of the client's grievance.

The referee concluded that Attorney Kelsay's failure to return the $200 on deposit in his trust account which belonged to the judgment debtor constituted a conversion of funds to his own use, in violation of SCR 20.04(4); his failure to promptly pay the $200 to the

debtor as directed by his client violated SCR 20.50(2)(d);[11] his failure to communicate with his client constituted neglect of a legal matter, in violation of SCR 20.32(3); his failure to respond to the Board's several letters of inquiry violated SCR 21.03(4) and 22.07(2) and (3).

(19)   In July, 1985, Attorney Kelsay offered to provide legal services in a landlord-tenant matter as a wedding gift to a family friend. The client was granted judgment and, following a garnishment action, Attorney Kelsay received $427.67 in full satisfaction of the judgment. He deposited those funds into his business account, not his trust account, and on the same day issued a check in the amount of $427.67 payable to "Cash" from the business account, making a notation that it was in connection with this legal matter.

Subsequently, the client made numerous unsuccessful attempts to contact Attorney Kelsay. When she finally spoke to him in January, 1987, he told her he had sent her a check but said he did not recall its amount. When the client called two weeks later telling him she had not received the check, Attorney Kelsay said the check was probably lost in the mail and he would issue another check. When the client did not receive a check, she made numerous unsuccessful attempts to contact Attorney Kelsay. She finally scheduled an appointment with him for May 26, 1987 but Attorney Kelsay did not

---

[11]SCR 20.50(2) provides:

A lawyer shall:
. . .
(d)   Promptly pay or deliver to the client as requested by a client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1:15(b).

keep that appointment. Thereafter, the client made additional unsuccessful attempts to contact Attorney Kelsay.

In July, 1987, the client retained another attorney to recover the funds. Shortly thereafter, Attorney Kelsay told the client he had taken the funds as attorney fees. When the client subsequently sent him a certified letter demanding return of her file, Attorney Kelsay refused delivery of the letter. He also did not respond to two letters of inquiry from the Board into this client's grievance.

The referee concluded that Attorney Kelsay's acceptance of funds on behalf of his client and his subsequent failure to pay over those funds to the client upon her request constituted conversion of client funds to his own use, in violation of SCR 20.04(4) and 20.50(2)(d); his deposit of client funds into his business account rather than his trust account violated SCR 20.50(1); his misrepresentation to the client that he had sent her a check for the funds violated SCR 20.04(4); his failure to account to the client for the funds violated SCR 20.50(2)(c);[12] his failure to return numerous telephone calls from the client and his failure to keep an appointment with her violated SCR 20.32(3); his failure to respond to the Board's inquiries violated SCR 21.03(4) and 22.07(2) and (3).

---

[12]SCR 20:50(2) provides:

> A lawyer shall:
>
> . . .
>
> (c)  Maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(e).

(20)  Attorney Kelsay failed to appear at a hearing held March 8, 1988 in a worker's compensation case. The client was unable to contact him and retained other counsel. Thereafter, she was unable to obtain her file from Attorney Kelsay despite repeated requests for it. When the Board wrote Attorney Kelsay seeking a response to the client's grievance, Attorney Kelsay refused delivery of a certified letter. The referee concluded that Attorney Kelsay neglected this legal matter and failed to adequately communicate with his client, in violation of SCR 20.32(3); his failure to return the client's file in the pending matter violated SCR 20:1.16(d);[13] his failure to respond to the Board's letters of inquiry violated SCR 21.03(4) and 22.07(2) and (3).

(21)  After Attorney Kelsay commenced a divorce action on behalf of a client in July, 1985, the court dismissed the action in December, 1986 for lack of prosecution. While a second divorce action he commenced on the client's behalf was pending, the client filed a grievance with the Board and made repeated requests to Attorney Kelsay to return her file. Attorney Kelsay did not return the file or respond to two letters of inquiry from the Board concerning the client's grievance.

The referee concluded that Attorney Kelsay neglected this legal matter, in violation of SCR 20.32(3);

---

[13]SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

his failure to return the client's file in the pending matter violated SCR 20.16(1)(b) and 20:1.16(d); his failure to respond to the Board's letters of inquiry violated SCR 21.03(4) and 22.07(2) and (3).

(22) After retaining Attorney Kelsay in 1986 to take over two worker's compensation claims, the client was unable to contact him despite leaving numerous telephone messages. In October, 1987 the client retained another attorney to handle the cases and Attorney Kelsay was asked to turn over the client's file but did not do so. Attorney Kelsay failed to respond to two letters of inquiry from the Board into the client's grievance and refused delivery of a certified letter.

The referee concluded that Attorney Kelsay's failure to adequately communicate with his client violated SCR 20.32(3); his failure to return the client's file in the pending matter violated SCR 20.16(1)(b) and 20:1.16(d); his failure to respond to the Board's letters of inquiry violated SCR 21.03(4) and 22.07(2) and (3).

(23) In February, 1986, a man retained Attorney Kelsay to represent him on a worker's compensation claim. Two years later the client was notified that Attorney Kelsay had filed bankruptcy. The client then wrote to Attorney Kelsay on several occasions requesting the return of his file but received no response. Attorney Kelsay did not respond to two letters from the Board inquiring into the client's grievance, refusing delivery of one of those letters.

The referee concluded that Attorney Kelsay's failure to return the client's file in the pending matter violated SCR 20:1.16(d); his failure to respond to the Board's letters of inquiry violated SCR 21.03 and 22.07(2) and (3).

(24) The Board scheduled an investigative meeting to consider many of the client grievances in the

matters described above and served Attorney Kelsay with a notice to appear at that meeting on February 8, 1988. Attorney Kelsay did not appear and the referee concluded that in 12 of the matters set forth above his failure to appear pursuant to notice from the Board violated SCR 21.03 and 22.07(2) and (3). The referee made the same conclusion with respect to five other matters in which, for one reason or another, the referee was unable to conclude that Attorney Kelsay had engaged in misconduct.

As discipline for this misconduct, the referee recommended that Attorney Kelsay's ineligibility to practice law be continued by license suspension for an indefinite period of time and until he establishes to the court's satisfaction upon application for reinstatement that he is and will continue to be a "good moral risk for the future." Appealing from that recommendation, the Board argued that an indefinite license suspension with no minimum period before which Attorney Kelsay may apply for reinstatement is an inappropriate response to his extensive misconduct. The Board took the position that the totality of that misconduct and, especially, Attorney Kelsay's repeated refusals to respond to Board inquiries in the course of its investigation, warrant a three-year license suspension.

In response, Attorney Kelsay contended that his misconduct had already been sufficiently disciplined by virtue of what he termed his "voluntary" ineligibility to practice law that resulted from his failure to pay bar association dues and comply with continuing legal education rules. He claimed he voluntarily gave up the practice of law when he realized that the pattern of professional misconduct he had established was likely to continue if he did not remove himself from the active practice of law and obtain professional treatment for his

addiction to cocaine and severe depression. On this point, the referee took into account Attorney Kelsay's two-year ineligibility to practice law but gave no indication that he considered it to have been voluntary.

Attorney Kelsay also argued that he has recovered from depression and has abstained from using cocaine for more than two years and that his misconduct has been adequately sanctioned by his self-imposed discipline. Accordingly, he asserted, the court should adopt the referee's recommended sanction of an indefinite suspension and permit him to immediately petition for reinstatement to the practice of law. In this regard, the referee explicitly rejected any claim that Attorney Kelsay's drug addiction and depression following his divorce and the death of his father excused his misconduct or that he had established a basis for finding him fit to practice law at this time.

We agree with the Board that the recommended indefinite license suspension is not an appropriate disciplinary response to Attorney Kelsay's misconduct. We do not accept Attorney Kelsay's contention that his continued ineligibility to practice law for more than two years constitutes sufficient discipline. That ineligibility was not imposed as discipline for professional misconduct but was the direct result of Attorney Kelsay's violation of two court rules governing the practice of law apart from the Code of Professional Conduct for Attorneys.

██

It is our determination that the extensive and egregious nature of Attorney Kelsay's misconduct merits the suspension of his license to practice law for a period of three years, commencing the date of this order. In addition, we will require Attorney Kelsay to make restitution to two of his clients whose funds he converted. Under

501

the court's rules, he will have to establish that he has made restitution to or settled all claims of persons injured or harmed by his misconduct, including those who had paid him fees which he did not earn. SCR 22.28(4)(k).[14] Finally, we will require Attorney Kelsay to pay the costs of this disciplinary proceeding, including the costs incurred on appeal. We reject his argument that the appeal was necessitated by the Board's failure to raise the issue of appropriate discipline while the proceeding was pending before the referee.

IT IS ORDERED that the license of Kevin Kelsay to practice law in Wisconsin is suspended for a period of three years, commencing the date of this order.

IT IS FURTHER ORDERED that within six months of the date of this order Kevin Kelsay make restitution to those whose funds he retained in the matters enumerated (18) and (19) in this opinion, in the amounts of $200 and $427.67, respectively.

IT IS FURTHER ORDERED that within one year of the date of this order Kevin Kelsay pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Kevin Kelsay to practice law in Wis-

---

[14]SCR 22.28 provides:

**Reinstatement**

. . .

(4)  The petition for reinstatement shall show that:

. . .

(k)  The petitioner has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so.

consin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Kevin Kelsay comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.