IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kevin M. KELSAY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Kevin M. KELSAY, Respondent.

Supreme Court

*No. 02–2239–D. Decided November 12, 2003.*

2003 WI 141

(Also reported in 671 N.W.2d 8.)

¶ 1. PER CURIAM. We review the referee's rec-
ommendation that Attorney Kevin Kelsay receive a

public reprimand for professional misconduct. We conclude that a public reprimand is insufficient to address the seriousness of Attorney Kelsay's professional misconduct, and we hereby suspend Attorney Kelsay's license to practice law in Wisconsin for a period of six months. We agree that Attorney Kelsay should be required to pay the costs of the proceeding.

¶ 2. Attorney Kelsay was admitted to practice law in Wisconsin in 1984. His license to practice law in Wisconsin is presently under suspension. In October 1991 Attorney Kelsay consented to the imposition of a private reprimand for misconduct consisting of requesting and receiving a loan from a client without fully advising the client of the differing interests of the client and Attorney Kelsay and without taking appropriate steps to protect the client's interests, and for neglecting to pursue the client's claims; failing to keep the client informed; failing to respond to the client's requests for information; and failing to promptly return the client's papers or file to her.

¶ 3. On June 4, 1990, this court suspended Attorney Kelsay's license for a period of three years for misconduct, including failure to deposit client funds into a trust account; neglect of numerous client matters; misrepresentations to clients regarding actions taken on their behalf; failure to return client files and unearned fees; failure to communicate with clients; failure to promptly pay funds as directed by a client; conversion of client funds to his own use; and repeated failure to respond to the Board of Attorneys Professional Responsibility in its investigation of client grievances, including the failure to produce trust account records, files and other requested material. *In re Disciplinary Proceedings Against Kelsay*, 155 Wis. 2d 480, 455 N.W.2d 871 (1990). To date Attorney Kelsay's law

18

license has not been reinstated. He filed a petition for reinstatement on June 3, 2002, which is being held in abeyance pending resolution of this matter.

¶ 4. On August 23, 2002, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Kelsay alleging he had engaged in the practice of law while his license was under suspension, in violation of SCR 20:5.5(a)[1] and SCR 22.26(2),[2] by providing legal services to Andris Stradins (Stradins), an acquaintance of Attorney Kelsay.

¶ 5. The complaint alleged and the referee subsequently found that in October 1993, Stradins was injured in an automobile accident while driving a truck owned by his employer. After the accident Stradins contacted Attorney Kelsay to obtain his advice and a referral for an attorney. Attorney Kelsay told Stradins that he could handle the matter for less than half the fee of an attorney. Stradins agreed to allow Attorney Kelsay to represent him.

¶ 6. Attorney Kelsay told Stradins not to tell anyone he was working on Stradins' behalf because it was illegal for him to practice law. He also advised Stradins to inform the insurance claims adjuster that Stradins would only communicate with the insurance

---

[1] SCR 20:5.5(a) provides: "A lawyer shall not: (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction."

[2] SCR 22.26(2) provides:

(2) An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

adjuster in writing. In this way, Attorney Kelsay was able to monitor and manage Stradins' claim without communicating with the insurance company directly.

¶ 7. Between December 1993 and December 1995 Attorney Kelsay drafted most, if not all, of the letters Stradins sent to the insurance company, which involved making and negotiating settlement offers. In December 1995 the insurance company offered to settle Stradins' claim for $40,000. On or about December 19, 1995, Stradins went to the insurance company's office accompanied by Attorney Kelsay, who reviewed the settlement documents before advising Stradins to sign them.

¶ 8. After receiving his settlement proceeds Stradins paid Attorney Kelsay approximately $5000 for the legal work he had performed.

¶ 9. Attorney Kelsay also assisted Stradins with the filing of a Worker's Compensation claim. He drafted letters to the Worker's Compensation insurance carrier on Stradins' behalf. In return for this assistance Stradins paid Attorney Kelsay 10 percent of his Worker's Compensation payments, approximately $65 per month, except for a short period of time when Stadins only received a partial monthly payment.

¶ 10. The complaint filed by the OLR alleged that by practicing law while his license was suspended Attorney Kelsay engaged in the unauthorized practice of law, in violation of SCR 20:5.5(a) and that Attorney Kelsay practiced law or engaged in improper law work activity while his license was suspended, in violation of SCR 22.26(2).

¶ 11. On September 12, 2002, the OLR and Attorney Kelsay requested this court approve the terms of a stipulation filed pursuant to SCR 22.12(1), whereby Attorney Kelsay would be publicly reprimanded for the misconduct alleged in the complaint. However, the

stipulation advised the court that Referee Daniel Stangle, who was appointed pursuant to SCR 22.09, had rejected the proposed discipline as inadequate.

¶ 12. Referee Stangle opined that the proposed sanction fell outside the range of sanctions usually imposed for similar cases. Citing to several published cases as well as the ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS, § 8: PRIOR DISCIPLINE ORDERS (1991 ed., as amended in Feb. 1992), the referee stated:

> [I]t seems inconceivable to me that a mere Public Reprimand would accomplish the Court's stated objectives in the lawyer disciplinary system of protecting the public, the courts or the legal profession from further misconduct by Attorney Kelsay, how it would aid in his rehabilitation, and certainly how this would possibly deter others. Rather, the message sent seems to me to be more one of do whatever you want, the worst that happens is the system says "don't do it any more"—particularly where the system already had sent the same message previously.

Attorney Kelsay filed a motion for reconsideration and the OLR sent a letter to the referee, defending its position. Referee Stangle declined to alter his initial determination and the OLR and Attorney Kelsay requested this court approve the stipulation notwithstanding the referee's position.

¶ 13. The court issued an order to show cause, directing both the OLR and Attorney Kelsay to explain why this court should accept the terms of the proposed stipulation. The parties responded to this court's order to show cause, maintaining that a public reprimand was appropriate discipline for Attorney Kelsay's misconduct.

¶ 14. This court was not persuaded. By order dated December 12, 2002, we rejected the stipulation

21

submitted by the parties and, consistent with SCR 22.12(3), directed the matter proceed before a referee.

¶ 15. On May 22, 2003, Referee Charles Herro issued a report and recommendation concluding that Attorney Kelsay did violate SCR 20:5.5(a) and SCR 22.26(2) as set forth in the stipulation of the parties. He agreed that a public reprimand was appropriate discipline for the misconduct at issue in this matter.

¶ 16. We adopt the referee's factual findings and conclusions of law but we are of the opinion that a public reprimand is inadequate discipline for Attorney Kelsay's misconduct. We conclude that the seriousness of Attorney Kelsay's misconduct warrants the suspension of his license to practice law in Wisconsin for a period of six months. We agree that Attorney Kelsay should be ordered to pay the costs of the OLR proceeding.[3]

¶ 17. IT IS ORDERED that the license of Attorney Kevin Kelsay to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 18. IT IS FURTHER ORDERED that this suspension does not affect the existing suspension.

¶ 19. IT IS FURTHER ORDERED that Attorney Kevin Kelsay shall comply, if he has not already done so, with the requirements of SCR 22.26 pertaining to activities following suspension.

---

[3] The record reflects that on June 13, 2003, Attorney Kelsay filed an objection to the statement of costs filed by the OLR. The OLR provided an itemization of its costs on June 17, 2003. The record does not reflect any specific objections to the costs assessed by the OLR and Attorney Kelsay's objection to the statement of costs is rejected.

22

¶ 20. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Kevin Kelsay pay to the Office of Lawyer Regulation the costs of this proceeding.