IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Richard Lee WINTER, Attorney at Law.

Supreme Court

*No. 95–0933–D. Filed November 1, 1995.*

(Also reported in 539 N.W.2d 451.)

PER CURIAM. We review the recommendation
of the referee that the license of Richard Lee Winter to

practice law in Wisconsin be suspended for 90 days as discipline for professional misconduct. That misconduct consisted of his having continued to practice law and make court appearances while suspended from the practice of law for failure to pay State Bar dues and his failure to respond to numerous requests from the disciplinary authorities in the course of their investigation of his conduct. We determine that the recommended license suspension is appropriate discipline to impose for Attorney Winter's misconduct established in this proceeding.

Attorney Winter was licensed to practice law in Wisconsin in 1989 and practices in Shawano. He has not previously been the subject of an attorney disciplinary proceeding. He has been suspended from practice since June 7, 1994 for failure to comply with continuing legal education requirements.

Soon after this proceeding was commenced, the referee, Attorney John Schweitzer, unsuccessfully attempted to contact Attorney Winter to conduct a scheduled telephone conference. Attorney Winter did not return the referee's call and did not appear for his scheduled deposition by the Board of Attorneys Professional Responsibility (Board). Consequently, the referee granted the Board's motion to strike Attorney Winter's answer to its complaint and found him in default. Thereafter, Attorney Winter did not respond to the referee's order that he show cause why the Board's proposed findings, conclusions and disciplinary recommendation should not be adopted as the referee's report.

The referee made the following findings of fact. Attorney Winter was suspended from the practice of law, effective November 2, 1992, for failure to pay State Bar dues and the assessments for the court's attorney

boards. On August 26, 1993, while still suspended from practice, Attorney Winter appeared in circuit court for Portage county as attorney for the respondent in a divorce proceeding. Attorney Winter made full payment of dues and assessments by September 17, 1993 and was reinstated to practice.

In a September 29, 1993 letter to the Board during its investigation, Attorney Winter said he had engaged in the practice of law since November, 1992 on various occasions and in numerous counties. He asserted that he was unaware he had been suspended from practice until a complaint was made to the court in the divorce proceeding. Attorney Winter claimed that mail addressed to him at his post office apparently had been delivered to a relative with a similar name. However, certified receipts showed that the notice the State Bar mailed to him October 1, 1992 regarding his impending suspension and its subsequent notice of the actual suspension were delivered directly to his law office and signed for by his wife and sister.

Continuing its investigation into his misconduct, the Board wrote to Attorney Winter requesting additional information concerning the manner in which his professional correspondence was handled during the fall of 1992. Attorney Winter did not respond to that request nor to the Board's second inquiry, made by certified letter for which he personally signed. He also did not respond to a subsequent inquiry from the Board.

After the Board referred the matter to the district professional responsibility committee for further investigation, the committee's investigator made numerous unsuccessful attempts to contact Attorney Winter by letter and telephone. Ultimately, the investigator had Attorney Winter personally served with a notice of

hearing and subpoena. At that hearing, Attorney Winter continued to contend that he had never received notice of his suspension from practice and asserted that his mother and sister occasionally would sign for certified mail delivered to his law office but insisted that neither gave him the notices concerning his suspension.

The referee concluded that by engaging in the practice of law on various occasions while suspended from practice for nonpayment of dues, Attorney Winter engaged in the practice of law in violation of SCR 20:5.5(a).[1] By failing to respond to the Board and to the district committee in their investigation, Attorney Winter violated SCR 22.07(3).[2] As discipline for that misconduct, the referee recommended that the court suspend Attorney Winter's license to practice law for 90 days.

We adopt the referee's findings of fact and conclusions of law. We impose the recommended license suspension as discipline for Attorney Winter's profes-

---

[1] SCR 20:5.5 provides:

**Unauthorized practice of law**
A lawyer shall not:
. . .
(a)  practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction;

[2] SCR 22.07 provides, in pertinent part:

**Investigation.**
. . .
(3)  The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

sional misconduct. By his conduct in the course of this proceeding, Attorney Winter has established his unwillingness to comply with the court's rules regulating attorneys and requiring them to cooperate with the disciplinary authorities.

IT IS ORDERED that the license of Attorney Richard Lee Winter to practice law in Wisconsin is suspended for a period of 90 days, commencing December 4, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order Richard Lee Winter pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Richard Lee Winter to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Richard Lee Winter comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

ANN WALSH BRADLEY, J., did not participate.