IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael H. GRADY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Michael H. GRADY, Respondent.

Supreme Court

*No. 03–2159–D. Decided November 20, 2003.*

2003 WI 144

(Also reported in 671 N.W.2d 649.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Michael H. Grady and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12,[1] which sets forth findings of fact and conclusions of law regarding Attorney Grady's professional misconduct. The parties stipulated to a 90–day suspension of Attorney Grady's license to practice law. We accept the parties' stipulation and agree that a suspension of 90 days is appropriate discipline for Attorney Grady's misconduct.

¶ 2. Attorney Grady was admitted to practice in 1984. He has no previous disciplinary history.

¶ 3. According to the OLR complaint filed in this matter, as well as the terms of the stipulation, on June 3, 1997, Attorney Grady's state bar membership was suspended for failure to comply with mandatory Con-

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

tinuing Legal Education (CLE) reporting requirements. Despite this suspension he continued to engage in the practice of law.

¶ 4. On March 11, 1999, a complaint was filed in Milwaukee County Circuit Court, signed by Attorney Grady as "Attorney for the Plaintiff." Counsel for the defense in that action learned that Attorney Grady's state bar membership was suspended and so advised the OLR.

¶ 5. On May 21, 1999, the OLR sent a letter to Attorney Grady asking him to account "for all other law practice activities in which you have engaged since June 3, 1997." Attorney Grady responded to that inquiry. He admitted filing the summons and complaint in the aforementioned case, but stated:

> Since approximately 12/95 I have focused my efforts in the field of Mortgage Banking and Brokering. I was employed as a broker/loan originator/loan solicitor by Mortgage Concepts, Inc. Since 6/3/97, and actually well before then I have not done anything law wise except to receive payment on fees and bills owed for work done prior to 6/3/97.

In response to a follow-up inquiry from the OLR Attorney Grady indicated that he did not recall appearing, filing pleadings, having cases pending, serving as counsel of record, holding himself out as a lawyer, or handling any other legal matters since the date of his suspension.

¶ 6. However, Consolidated Court Automation Program (CCAP) records reflect that Attorney Grady's name appeared as counsel of record in 25 separate cases and that he entered appearances or filed pleadings in at least 20 matters during his suspension. Subsequently, Attorney Grady admitted that he acted as an attorney in some 15 of these matters.

117

¶ 7. On August 15, 2003, the OLR filed a complaint against Attorney Grady which charged that by continuing to represent clients, including appearing in court and filing pleadings while his state bar membership was suspended, Attorney Grady violated SCR 31.10(1)[2] and SCR 20:8.4(f).[3]

¶ 8. In addition, the complaint alleged that by informing the OLR staff that he could only recall one case in which he appeared or filed pleadings after his state bar membership was suspended, and that he could not recall any pending cases at the time of his suspension, when in fact, he had entered appearances, filed pleadings, and appeared in court in at least 20 cases since his suspension, Attorney Grady engaged in con-

---

[2] SCR 31.10(1) provides:

(1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the state bar membership of the lawyer shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[3] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to: (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

duct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[4]

¶ 9. On or about August 28, 2003, the OLR and Attorney Grady executed a stipulation pursuant to SCR 22.12. In addition to stipulating to the facts as set forth above, the parties stipulated to discipline in the form of a 90–day suspension of Attorney Grady's license to practice law in Wisconsin.

¶ 10. The stipulation provides that it is not the result of a plea bargain and reflects neither a reduction of the charges nor a reduction of the level of discipline originally sought by OLR. The OLR is not seeking imposition of costs in this matter. The memorandum submitted by the OLR in support of the stipulation cites *In re Disciplinary Proceedings Against Winter,* 196 Wis. 2d 686, 539 N.W.2d 451 (1995), a factually similar case in which a 90–day suspension was imposed.

¶ 11. We approve the stipulation and adopt the stipulated facts and conclusions of law set forth therein. We agree that Attorney Grady's misconduct warrants the suspension of his license to practice law, and we accept the parties' stipulation that a 90–day suspension is appropriate discipline in this matter. Therefore,

¶ 12. IT IS ORDERED that the license of Attorney Michael H. Grady to practice law in Wisconsin is suspended for a period of 90 days, effective the date of this order.

---

[4] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

¶ 13. IT IS FURTHER ORDERED that Attorney Michael H. Grady comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.