IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Larry FARRIS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Larry FARRIS, Respondent.

Supreme Court

*No. 04–1964–D. Decided October 26, 2004.*

2004 WI 125

(Also reported in 688 N.W.2d 231.)

¶ 1. PER CURIAM. This case is before this court under SCR 22.12[1] on a stipulation between the parties, Attorney Larry Farris and the Office of Lawyer Regulation (OLR). The stipulation consists of Attorney Farris's admission of the facts and misconduct alleged by the OLR and his agreement to the level of discipline that the OLR is seeking.

¶ 2. We accept the stipulation and determine that the seriousness of Attorney Farris's misconduct warrants the imposition of the recommended 60–day license suspension.

¶ 3. Attorney Farris was admitted to the practice of law in Wisconsin in 1973. He has no prior disciplinary history except for license suspensions in 1985 and 1990 for noncompliance with Continuing Legal Education (CLE) requirements.

¶ 4. A third such license suspension on June 3, 2002, is at the heart of the current proceeding. Attorney

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

14

Farris sought reinstatement on July 25, 2002, from that suspension. He indicated in his petition that he had only appeared in a small claims matter during the period of suspension. Shortly thereafter during a telephone conversation with OLR personnel, he similarly did not allude to any other acts that would constitute the practice of law during his suspension. However, OLR later determined that during the period of suspension Attorney Farris had actually participated in 11 legal matters either by making a court appearance or by signing and/or filing court documents.

¶ 5. As a result of this misconduct, Attorney Farris initially entered a diversion/alternative to discipline program under SCR 22.10 on September 20, 2002, during which he was not to be practicing law. However, OLR later determined that during this program Attorney Farris had actually participated in another 12 legal matters. Attorney Farris was reinstated to the practice of law on October 6, 2003. During OLR's subsequent investigation of his prior unauthorized practice he repeatedly gave an incomplete report of its extent.

¶ 6. Attorney Farris and the OLR have stipulated that Farris committed the following misconduct.

¶ 7. First, he violated SCR 31.10(1)[2] by engaging in the practice of law while his state bar membership

---

[2] SCR 31.10(1) provides:

(1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the state bar membership of the lawyer shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not

was suspended for a CLE violation which, in turn, is designated misconduct under SCR 20:8.4(f).[3]

¶ 8.    Second, he violated SCR 20:8.4(c),[4] prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation, by failing to disclose in his July 2002 petition for reinstatement the exact extent of his prior unauthorized practice.

¶ 9.    Third, he violated SCR 22.03(6),[5] prohibiting a willful failure to provide information to the OLR during an investigation which, in turn, is designated misconduct under SCR 20:8.4(f).

¶ 10.    The OLR submits that a 60–day suspension is appropriate. It notes there are similar cases that range between a public reprimand and a 90–day suspension. The OLR submits this case is particularly similar to *In re Disciplinary Proceedings Against Grady,* 2003 WI 144, 267 Wis. 2d 115, 671 N.W.2d 649, where a 90–day license suspension was imposed because the attorney had improperly practiced for two years. The OLR submits that a shorter suspension here is appropriate because the period of unauthorized prac-

engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[3] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to: (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[4] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5] SCR 22.03(6) provides: "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

tice was less, Attorney Farris has no prior discipline other than CLE matters, and he has been remorseful and apologetic. At the same time, the OLR submits that a suspension of some length is warranted because Attorney Farris is an experienced attorney who should have been aware of his professional obligations and because the extent of his unauthorized practice was not insignificant.

¶ 11. The parties advise the court that the terms of this stipulation were not bargained for or negotiated between the parties. Attorney Farris admits the facts and misconduct alleged by the OLR and agrees to the level of discipline that the OLR seeks. There is no indication that he does not fully understand the misconduct allegations, the ramifications should the court impose the stipulated level of discipline, his right to contest the matter including consultation with retained counsel, and that his entry into this stipulation is knowing and voluntary.

¶ 12. In conclusion, we accept the stipulation of the parties. Attorney Farris's misconduct represents a serious failure to comply with the specified Rules of Professional Conduct. Furthermore, the level of discipline requested by the OLR is appropriate for this misconduct.

¶ 13. IT IS ORDERED that the license of Attorney Larry Farris to practice law in Wisconsin is suspended for a period of 60 days, effective November 30, 2004.

¶ 14. IT IS FURTHER ORDERED that Attorney Larry Farris comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.