In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Edward James FITZGERALD, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Edward James FITZGERALD,
Respondent.

Supreme Court

*No. 2006AP2781–D. Decided July 27, 2007.*

2007 WI 111

(Also reported in 735 N.W.2d 913.)

¶ 1. PER CURIAM. We review the report and recommendation of the referee[1] following the entry of a stipulation by the Office of Lawyer Regulation (OLR) and Attorney Edward James FitzGerald. As requested by the stipulation, the referee recommended that Attorney FitzGerald's license to practice law in Wisconsin be suspended for 90 days. The referee also recommended that the court impose the full costs of this disciplinary proceeding against Attorney FitzGerald.

¶ 2. Neither party has appealed from the referee's report. Consequently, the matter is submitted to this court for its review pursuant to SCR 22.17(2).[2] After our independent review of the matter, we agree with and adopt the referee's findings of fact and conclusions of law. We also agree that Attorney FitzGerald's professional misconduct requires that his license to practice law in Wisconsin be suspended for a period of 90 days and that he pay the full costs of this disciplinary proceeding, which were $537.30 as of April 5, 2007.

¶ 3. On November 8, 2006, the OLR filed a four-count complaint against Attorney FitzGerald. On December 29, 2006, Attorney FitzGerald filed an answer that admitted the factual and legal allegations in the OLR's complaint. Consequently, on March 2, 2007, the

---

[1] Attorney Amy Gentz was appointed to serve as the referee in this matter.

[2] SCR 22.17(2) provides: Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

parties filed a stipulation pursuant to SCR 22.12[3] that incorporated the factual allegations of the complaint and contained a joint request for a 90–day suspension. In the stipulation, Attorney FitzGerald represented that he understood the misconduct allegations against him, that he understood the ramifications of the requested discipline, that he understood his rights to contest the allegations in the OLR's complaint and to consult with counsel, that he was entering into the stipulation knowingly and voluntarily, and finally that he was admitting the professional misconduct as alleged in the OLR's complaint.

¶ 4. As noted in the stipulation, Attorney FitzGerald was admitted to the practice of law in Wisconsin in June 1982. He has never before been the subject of discipline for professional misconduct. During the time period of the actions described below, Attorney FitzGerald served as an assistant district attorney for Vilas County.

¶ 5. In Wisconsin, membership in the class of "active members" of the State Bar of Wisconsin is a condition precedent to the practice of law. SCR 10.01;[4] SCR

[3] SCR 22.12 provides in relevant part: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

[4] SCR 10.01 provides: State bar of Wisconsin.

(1) There shall be an association to be known as the "state bar of Wisconsin" composed of persons licensed to practice law in this

594

10.03(4).[5] Moreover, the payment of annual bar dues and assessments is a requirement of membership in the state bar. The failure to pay annual bar dues and assessments may result in the suspension of the attorney's license to practice law in this state. SCR 10.03(6).[6]

¶ 6. Attorney FitzGerald failed to pay his annual state bar dues and assessments that were due on July 1, 2003. The state bar subsequently sent a certified letter

state, and membership in the association shall be a condition precedent to the right to practice law in Wisconsin.

(2) The supreme court by appropriate orders shall provide for the organization and government of the association and shall define the rights, obligations and conditions of membership therein, to the end that the association shall promote the public interest by maintaining high standards of conduct in the legal profession and by aiding in the efficient administration of justice.

[5] SCR 10.03(4) provides: Membership.

(4) Only active members may practice law. No individual other than an enrolled active member of the state bar may practice law in this state or in any manner purport to be authorized or qualified to practice law. A judge in this state may allow a nonresident counsel to appear in his or her court and participate in a particular action or proceeding in association with an active member of the state bar of Wisconsin who appears and participates in the action or proceeding. Permission to the nonresident lawyer may be withdrawn by the judge granting it if the lawyer by his or her conduct manifests incompetency to represent a client in a Wisconsin court or by his or her unwillingness to abide by the rules of professional conduct for attorneys and the rules of decorum of the court.

[6] SCR 10.03(6) provides:

(6) Penalty for nonpayment of dues. If the annual dues or assessments of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues or assessments may practice law during the period of the suspension.

to Attorney FitzGerald warning him of the impending suspension of his license to practice law in Wisconsin due to the nonpayment of annual bar dues. The letter was received at Attorney FitzGerald's last known mailing address in Manitowoc on September 30, 2003. When Attorney FitzGerald still did not pay his state bar dues and assessments, his license was administratively suspended on October 31, 2003. The state bar then sent Attorney FitzGerald another letter advising him that his license had been suspended. Attorney FitzGerald received this notification on November 8, 2003, and signed the certified mail receipt.

¶ 7. Although his license had been suspended, Attorney FitzGerald never notified the Vilas County District Attorney, the Vilas County Circuit Court, in which he had pending cases, or opposing counsel. Attorney FitzGerald continued to practice law without a valid license until June 2005. Between November 8, 2003, and June 6, 2005, Attorney FitzGerald appeared as the prosecutor of record in approximately 85 felony cases, 200 misdemeanor cases, 121 criminal traffic cases, and 180 civil forfeiture cases.

¶ 8. In addition, Attorney FitzGerald failed to report his continuing legal education (CLE) attendance at the end of his two-year reporting period in December 2004 to establish compliance with SCR 31.02[7] and SCR 31.03.[8] On March 23, 2005, the Board of Bar Examiners (BBE) sent a letter to Attorney FitzGerald warning him

---

[7] SCR 31.02 provides in relative part that "[a] lawyer shall attend a minimum of 30 hours of approved continuing legal education during each reporting period" and "attend a minimum of 3 of the 30 hours . . . on the subject of legal ethics and professional responsibility."

[8] SCR 31.03 provides: Reporting requirement.

that he had to comply with his mandatory CLE reporting requirements or face suspension of his license for CLE noncompliance. On April 7, 2005, the BBE sent another letter via certified mail, which again warned Attorney FitzGerald that his license would be automatically suspended on June 6, 2005, unless he fully complied with his CLE requirements. Attorney FitzGerald did not comply.

¶ 9. On June 7, 2005, the BBE sent Attorney FitzGerald a notice of suspension, advising him that his license had been suspended for failure to comply with his mandatory CLE obligations. This notice was received at Attorney FitzGerald's Manitowoc address on June 8, 2005.

¶ 10. Attorney FitzGerald's license remained suspended until June 10, 2005, due to his CLE noncompliance. Between June 6, 2005, and June 10, 2005, Attorney FitzGerald continued to act as a prosecutor for the Vilas County District Attorney's Office, including appearing as the prosecutor of record in a bail hearing.

¶ 11. Attorney FitzGerald stipulated and the referee found that Attorney FitzGerald had committed four counts of professional misconduct because of his actions described above. First, by continuing to engage in the practice of law between October 31, 2003, and June 6, 2005, when he knew or should have known that

(1) A written report under oath or affirmation designated CLE Form 1 shall be filed with the board by a lawyer on or before the last day of the reporting period. The written report shall establish compliance with the attendance requirement of SCR 31.02.

(2) A lawyer who has not satisfied SCR 31.02 and completed the reporting requirement under sub. (1) by the close of business on the February 1 following the last day of the reporting period shall be assessed a late fee of $50.

his license had been suspended for nonpayment of annual bar dues, Attorney FitzGerald violated SCR 10.03(6), which also constituted a violation of SCR 20:8.4(f).[9] By failing to notify his employer of his suspension for nonpayment of annual bar dues, Attorney FitzGerald violated SCR 22.26(1)(a),[10] thereby also violating SCR 20:8.4(f). Third, by failing to provide written notification of his suspension and inability to act as an attorney to the Vilas County Circuit Court and to opposing counsel, Attorney FitzGerald violated SCR 22.26(1)(c),[11] actionable pursuant to SCR 20:8.4(f). Finally, by continuing to engage in the practice of law

---

[9] SCR 20:8.4(f) states that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[10] SCR 22.26(1)(a) states: Activities following suspension or revocation.

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

[11] SCR 22.26(1)(c) states:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all the following:

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

between June 6, 2005, and June 10, 2005, when his license was suspended for CLE noncompliance, Attorney FitzGerald violated SCR 31.10(1),[12] thereby also violating SCR 20:8.4(f).

¶ 12. As noted above, on the basis of this professional misconduct, the parties stipulated to a 90–day suspension of Attorney FitzGerald's license. The referee adopted that stipulation as her recommendation to the court.

¶ 13. After our independent review of the record, we conclude that the referee's findings of fact and conclusions of law are supported by the record in this matter and the Supreme Court Rules of Professional Conduct, and we adopt them. We determine that the requested discipline of a 90–day suspension of Attorney FitzGerald's license to practice law in this state is an appropriate level of discipline. Finally, we note that Attorney FitzGerald has not objected to the statement of costs filed by the OLR. We therefore assess the full amount of costs against Attorney FitzGerald.

¶ 14. IT IS ORDERED that the license of Edward James FitzGerald to practice law in Wisconsin is suspended for a period of 90 days, effective August 31, 2007.

---

[12] SCR 31.10(1) provides: Noncompliance.

(1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the state bar membership of the lawyer shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

¶ 15. IT IS FURTHER ORDERED that Attorney FitzGerald comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney FitzGerald shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Attorney FitzGerald to practice law in Wisconsin shall remain suspended until further order of this court.