# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP1443-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael J. Briggs, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Michael J. Briggs,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BRIGGS

| | |
|---|---|
| OPINION FILED: | October 28, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP1443-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Michael J. Briggs, Attorney at Law:**

**Office of Lawyer Regulation,**

**Complainant,**

**FILED**

**v.**

OCT 28, 2014

**Michael J. Briggs,**

Diane M. Fremgen
Clerk of Supreme Court

**Respondent.**

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1   PER CURIAM.   We review the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Michael J. Briggs pursuant to Supreme Court Rule (SCR) 22.12.[1]   On June 24, 2014,

---

[1] SCR 22.12 provides, in relevant part:

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed.  The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme court may approve the stipulation, reject the

(continued)

the OLR filed a complaint in this court alleging 12 counts of misconduct against Attorney Briggs. Attorney Briggs did not file an answer, but instead he and the OLR filed a stipulation in which Attorney Briggs admitted the facts and misconduct as alleged in the OLR's complaint and agreed to the level of discipline sought by the OLR: a 90-day suspension of Attorney Briggs's license to practice law in this state.

¶2 We approve the stipulation and adopt the stipulated facts and conclusions regarding Attorney Briggs's 12 counts of misconduct as alleged in the OLR's complaint. We determine that the seriousness of Attorney Briggs's misconduct warrants suspension of his license to practice law in this state for a period of 90 days. We do not impose restitution, as the OLR did not make any such request. Finally, because Attorney Briggs entered into a comprehensive stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose costs in this matter.

¶3 Attorney Briggs was admitted to practice law in Wisconsin in 1975 and practices in Oregon, Wisconsin. He has no prior disciplinary history.

---

stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

2

¶4  As noted above, Attorney Briggs admits to the facts and misconduct as alleged in the OLR complaint. Summarized, the allegations are these:

REPRESENTATION OF J.N. AND R.N. (COUNTS 1 THROUGH 5)

¶5  The OLR complaint alleged, and Attorney Briggs now stipulates, that in approximately January 2011, J.N. and R.N. hired Attorney Briggs to represent them as plaintiffs in a land contract dispute in which J.N. and R.N. were the land contract grantors. Attorney Briggs filed a motion for default judgment, which the circuit court granted.

¶6  J.N. and R.N. believed that Attorney Briggs would take all actions necessary to garnish the defendants' wages as well as to prepare and file the necessary documents to restore the clear title of the property to J.N. and R.N.

¶7  Attorney Briggs failed to do so. Specifically, he failed to file the default judgment or any other document in the appropriate real estate records to clarify that title had reverted to J.N. and R.N. He failed to determine what procedures would be needed to enforce Wisconsin garnishments against the defendants, both of whom had moved out of state and were employed outside of Wisconsin. He failed to effectuate the garnishments.

¶8  J.N. and R.N. repeatedly tried to contact Attorney Briggs by telephone and email to inquire about the status of the garnishments and related legal matters, as well as to inquire about billing issues. Attorney Briggs did not return their calls or emails.

¶9 J.N. and R.N. filed a grievance with the OLR. By letter dated April 18, 2012, the OLR notified Attorney Briggs of its investigation of J.N.'s and R.N.'s grievance and requested certain documents from Attorney Briggs. Attorney Briggs did not respond.

¶10 The OLR sent Attorney Briggs a second investigative letter requesting Attorney Briggs's response to J.N.'s and R.N.'s grievance. Attorney Briggs's wife signed the certified mail receipt for this investigative letter. Attorney Briggs did not respond.

¶11 The OLR sent Attorney Briggs a third request for his response, which was personally served on Briggs. Attorney Briggs still did not respond.

¶12 On motion from the OLR, this court issued an order requiring Attorney Briggs to show cause why his Wisconsin law license should not be suspended for his failure to cooperate in the OLR's investigation of the J.N. and R.N. matter. Attorney Briggs filed a response promising to cooperate in the investigation, but he failed to do so. On February 12, 2013, this court temporarily suspended Attorney Briggs for his failure to cooperate with the OLR investigation.

¶13 On November 27, 2013, Attorney Briggs sent a letter to the OLR that responded to the OLR's April 18, 2012 investigative letter. In his letter, Attorney Briggs provided an explanation as to why he did not complete the garnishments requested by J.N. and R.N. Attorney Briggs claimed that J.N. and R.N. had not responded to his email communication to them, and that he did

4

not proceed further with the garnishments because J.N. and R.N. had failed to either pay his fee or to commit to reimburse him for filing fees. These representations were later proven false.

¶14 On November 27, 2013, the OLR filed a report with the court stating that Attorney Briggs had provided a written response sufficient to allow the OLR to continue its investigation. Accordingly, on December 16, 2013, this court reinstated Attorney Briggs's license to practice law.

¶15 Based on this admitted course of conduct, the OLR complaint charged Attorney Briggs with five counts of misconduct, to which he now stipulates. The misconduct involved violations of the following rules: SCR 20:1.1 (failing to provide competent representation); SCR 20:1.3 (failing to act with reasonable diligence and promptness in representing a client); SCR 20:1.4(a)(3) (failing to keep a client reasonably informed about the status of a matter); SCR 20:1.4(a)(4) (failing to promptly comply with reasonable requests by the client for information); SCR 22.03(2) (failing to timely respond to an OLR investigation); and SCR 22.03(6) (failing to provide relevant information, to answer questions fully, or to furnish documents in the course of an OLR investigation).

POST-DISCIPLINE NON-COMPLIANCE ISSUES (COUNTS 6 THROUGH 8)

¶16 The OLR complaint alleged, and Attorney Briggs now stipulates, that a copy of this court's February 12, 2013 order temporarily suspending his license for failing to cooperate with the OLR investigation regarding J.N.'s and R.N.'s grievance was mailed to the address Attorney Briggs had on file with the State

5

Bar of Wisconsin (State Bar). Nevertheless, Attorney Briggs continued to practice law in Wisconsin, including drafting documents, providing legal advice, and appearing in court on behalf of clients.

¶17 On July 23, 2012, a Dane County circuit court judge sent an email to the OLR stating that Attorney Briggs had appeared that morning to represent a litigant in a family law matter; that opposing counsel stated that Attorney Briggs's law license was suspended; and that the State Bar's website showed that Attorney Briggs's license was suspended. The circuit court judge asked the OLR what Attorney Briggs's current license status was, and the OLR confirmed via email that Attorney Briggs's license was suspended. The circuit court judge replied to the OLR that Attorney Briggs would not be allowed to appear as counsel in the matter, and that Attorney Briggs would be in contact with the OLR.

¶18 During an August 2, 2013 telephone call with OLR staff, Attorney Briggs asserted that he had "just found out" that he was suspended. OLR staff reminded Attorney Briggs that his license had been suspended since February 12, 2013, and that he had been sent a copy of the order of suspension, the preceding motion filed by the OLR, an order to show cause issued by this court, and reports filed by the OLR in this matter, all prior to the suspension order.

¶19 By email dated August 2, 2013, the OLR provided Attorney Briggs with another copy of the April 18, 2012 letter notifying Attorney Briggs of the OLR's investigation of J.N.'s

6

and R.N.'s grievance and requesting certain documents from Attorney Briggs. The OLR advised Attorney Briggs to file a written response to the letter. He did not do so, nor did he advise his clients, opposing counsel, or the courts in which he was representing clients that his license to practice law had been suspended.

¶20 Until at least October 3, 2013, Attorney Briggs continued to practice law in Wisconsin.

¶21 During the OLR's investigation as to his practice of law, Attorney Briggs made misrepresentations to the OLR as to the extent, nature, and scope of his practice while suspended.

¶22 Based on this admitted course of conduct, the OLR complaint charged Attorney Briggs with an additional three counts of misconduct, to which he now stipulates. The misconduct involved violations of the following rules: SCR 22.26(1)(c) (failing to promptly provide written notification of license suspension to courts and opposing counsel); SCR 20:3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); SCR 22.26(2) (engaging in the practice of law during license suspension); and SCR 22.03(6) (failing to provide relevant information, to answer questions fully, or to furnish documents in the course of an OLR investigation).

REPRESENTATION OF D.R. (COUNTS 9 THROUGH 12)

¶23 The OLR complaint alleged, and Attorney Briggs now stipulates, that in approximately February 2013, Attorney Briggs

began representing D.R. in an eviction action against two defendants.

¶24 As noted above, this court, on February 12, 2013, issued an order suspending Attorney Briggs's license to practice law in Wisconsin due to his failure to cooperate in its investigation of J.N.'s and R.N.'s grievance. As also noted above, Attorney Briggs's license remained suspended until December 16, 2013.

¶25 Attorney Briggs did not notify D.R., the defendants, or the circuit court of his suspension.

¶26 Between February 12 and July 23, 2013, Attorney Briggs consulted with D.R. about the eviction action, provided D.R. with legal advice, drafted pleadings and a set of interrogatories, became counsel of record for D.R., and communicated by mail and email with the defendants and with the court as counsel for D.R.

¶27 Between July 23 and September 6, 2013, Attorney Briggs continued to consult with and provide legal advice to D.R. and to communicate with the defendants as counsel for D.R.

¶28 In a letter dated October 15, 2013, Attorney Briggs told the OLR that he was notified in a letter dated July 23, 2013, that his license to practice law had been suspended. Attorney Briggs claimed that his communications with the defendants as counsel for D.R. occurred before that date. These statements were misrepresentations.

¶29 On October 23, 2013, during an in-person meeting with OLR staff, Attorney Briggs asserted that, once he learned he was

8

suspended on July 23, 2013, he changed his law office website to notify clients he was suspended. That information was false.

¶30 Attorney Briggs failed to properly advise D.R. that his license was suspended. D.R. became aware of the suspension when, after a hearing, a defendant in the eviction action threatened to sue Attorney Briggs because he had represented D.R. when his license was suspended. It was only upon D.R.'s subsequent inquiry that Attorney Briggs disclosed his suspension.

¶31 Based on this admitted course of conduct, the OLR complaint charged Attorney Briggs with an additional four counts of professional misconduct, to which he now stipulates. The misconduct involved violations of the following rules: SCR 22.26(1)(a) and (b) (failing to notify the client by certified mail of suspension and failing to advise client to seek legal advice elsewhere); SCR 20:3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); SCR 22.26(1)(c) (failing to promptly provide written notification of license suspension to courts and opposing counsel); SCR 22.26(2) (engaging in the practice of law during license suspension); SCR 20:8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and SCR 22.03(6) (failing to provide relevant information, to answer questions fully, or to furnish documents in the course of an OLR investigation).

¶32 As noted above, Attorney Briggs has now stipulated to the 12 counts of misconduct as alleged by the OLR in its

complaint. He further stipulates that a 90-day suspension of his license to practice law in this state is an appropriate sanction for his misconduct.

¶33 The stipulation properly states that Attorney Briggs fully understands the misconduct allegations, his right to contest this matter, the ramifications of his entry into this stipulation, and his right to consult with counsel. The stipulation further provides that Attorney Briggs entered into the stipulation knowingly and voluntarily.

¶34 The OLR filed a memorandum in support of the stipulation. The OLR cited several cases that it claims——and we agree——support its request for a 90-day suspension: In re Disciplinary Proceedings Against FitzGerald, 2007 WI 111, 304 Wis. 2d 592, 735 N.W.2d 913 (90-day suspension for misconduct including practicing law during suspension and failing to notify employer, court, and opposing counsel of suspension); In re Disciplinary Proceedings Against Kelsay, 2003 WI 141, 267 Wis. 2d 17, 671 N.W.2d 8 (six-month suspension for lawyer with disciplinary history who practiced law during suspension); In re Disciplinary Proceedings Against Scanlan, 2006 WI 38, 290 Wis. 2d 30, 712 N.W.2d 877 (six-month suspension for 21 counts of misconduct including practicing law while suspended, failing to provide notice to clients and courts concerning the suspension, failing to timely respond to an OLR investigation, failing to provide competent representation, and trust account violations); and In re Disciplinary Proceedings Against Farris, 2004 WI 125, 276 Wis. 2d 13, 688 N.W.2d 231

10

(60-day suspension for lawyer who practiced law while suspended, made misrepresentations in his petition for reinstatement, and willfully failed to provide information to the OLR during an investigation).

¶35 The OLR noted in its memorandum that several aggravating factors were present in this case. Attorney Briggs engaged in multiple misconduct offenses, intentionally failed to comply with disciplinary rules and orders, and made misrepresentations to the OLR during the course of its investigations.

¶36 On the mitigating side, Attorney Briggs was admitted to practice law in this state in 1975 and has no disciplinary history.

¶37 After our independent review of the matter, we approve the stipulation and determine that the seriousness of Attorney Briggs's misconduct warrants a 90-day suspension of his license to practice law. Attorney Briggs's admitted acts are serious violations of the Rules of Professional Conduct governing lawyers in this state. We deem a 90-day suspension sufficient to protect the public from Attorney Briggs's unacceptable professional behavior, to ensure that he will not repeat it, and to deter others from engaging in similar misconduct.

¶38 In light of the fact that Attorney Briggs entered into a comprehensive stipulation, thereby obviating the need for the appointment of a referee and for additional litigation costs, we agree with the OLR's request that the costs of this disciplinary proceeding not be assessed against Attorney Briggs.

11

¶39  We do not impose restitution, as the OLR did not make any such request.

¶40  IT IS ORDERED that the license of Michael J. Briggs to practice law in Wisconsin is suspended for a period of ninety days, effective November 28, 2014.

¶41  IT IS FURTHER ORDERED that Michael J. Briggs shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.