# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP2460-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Gary E. Grass, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | Gary E. Grass, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GRASS

| | |
|---|---|
| OPINION FILED: | April 16, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP2460-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Gary E. Grass, Attorney at Law:**

**Office of Lawyer Regulation,**

      Complainant,

    v.

**Gary E. Grass,**

      **Respondent.**

**FILED**

**APR 16, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12 by the Office of Lawyer Regulation (OLR) and Attorney Gary E. Grass. In the stipulation, Attorney Grass admits that he committed professional misconduct, and he agrees with the OLR's request that his license to practice law in Wisconsin be suspended for a period of 60 days.

¶2 After careful review of the matter, we accept the stipulation and impose the requested discipline. Because

Attorney Grass entered into a comprehensive stipulation before the appointment of a referee, we do not require him to pay the costs of this proceeding.

¶3 Attorney Grass was admitted to practice law in Wisconsin in 2003. He has no prior disciplinary history. Effective May 22, 2018, his Wisconsin law license was suspended for failure to comply with mandatory continuing legal education reporting requirements. Effective October 31, 2018, his license was suspended for failure to pay state bar dues and provide OLR trust account certification. On November 13, 2018, his law license was temporarily suspended by this court for failure to cooperate with three OLR investigations into his conduct. His law license remains suspended.

¶4 On December 27, 2018, the OLR filed a complaint alleging that Attorney Grass had engaged in 14 counts of misconduct arising out of his representation of five clients. On February 15, 2019, the OLR and Attorney Grass filed their stipulation. We take the following facts from that stipulation.

### **Client W.H.**

¶5 In or about November 2009, Attorney Grass was appointed by the public defender's office to appear as appellate counsel on behalf of W.H. in a criminal matter in Waukesha County. Attorney Grass filed an appeal on behalf of W.H. relating to modification of the original sentence and a re-confinement sentence as well as raising an ineffective assistance of counsel claim.

2

¶6 In June 2012, the court of appeals issued an order finding that W.H. was entitled to a resentencing hearing and remanding the matter for a hearing on the ineffective assistance of counsel claim. The court of appeals held that the motion to modify the original sentence could not properly be decided in the context of that appeal.

¶7 In September of 2016, W.H. retained Attorney Grass to represent him regarding a motion to modify the original sentence. Attorney Grass received a $1,000 fee from W.H., some of which was applied to work Attorney Grass had already performed and some of which was to be for future services. Attorney Grass did not place the $1,000 into his trust account. It is unclear how much of the fee was applied to work already performed and how much was paid in contemplation of future services. Attorney Grass did not have a written fee agreement with W.H.

¶8 W.H. filed a grievance with the OLR against Attorney Grass on June 23, 2017. On June 26, 2017, Attorney Grass filed a motion to modify the original sentence. The circuit court denied that motion in March 2018.

¶9 In a letter dated January 29, 2018, an OLR investigator requested that Attorney Grass provide additional information relating to W.H.'s grievance. The OLR gave Attorney Grass several extensions of time to respond to the request for information but he never responded. The OLR filed a motion with this court seeking an order that Attorney Grass show cause why his Wisconsin law license should not be temporarily suspended

3

for his failure to cooperate in this and two other OLR investigations. On November 13, 2018, this court issued an order temporarily suspending Attorney Grass' Wisconsin law license.

¶10 By virtue of entering into the stipulation, Attorney Grass admitted the following counts of misconduct with respect to his representation of W.H.:

**Count 1:** By failing to place the portion of W.H.'s $1,000 constituting an advanced fee into his trust account, Attorney Grass violated SCR 20:1.5(f).[1]

**Count 2:** By willfully failing to respond to the OLR's request for additional information relating to W.H.'s grievance, Attorney Grass violated SCR 22.03(6),[2] enforceable via SCR 20:8.4(h).[3]

**Client M.E.**

---

[1] SCR 20:1.5(f) provides:

Except as provided in SCR 20:1.5(g), unearned fees and funds advanced by a client or 3rd party for payment of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to SCR 20:1.5(h). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[2] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[3] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

4

¶11 In April 2016, M.E. hired Attorney Grass as postconviction counsel in a criminal matter in Milwaukee County. Attorney Grass agreed to review M.E.'s criminal conviction and prepare a motion challenging it. Pursuant to the terms of the fee agreement, M.E. agreed to pay a $1,000 advanced fee. Attorney Grass agreed to provide M.E.'s mother, E.E., with monthly billing statements.

¶12 Attorney Grass did not file any postconviction motions on behalf of M.E., nor did he provide E.E. with monthly billing statements.

¶13 In November 2017, M.E. and E.E. both filed grievances with the OLR about Attorney Grass' handling of the postconviction matter. In April 2018, Attorney Grass told M.E. and E.E. that a motion would be fully completed in two or three weeks, but he failed to follow through.

¶14 In a letter dated May 30, 2018, M.E. wrote to the OLR regarding the status of his case and Attorney Grass' law license. Attorney Grass had failed to notify M.E. of his suspension.

¶15 In a letter dated February 2, 2018, the OLR forwarded the grievances of M.E. and E.E. to Attorney Grass and requested a response. In spite of being given several extensions of time to provide a response, Attorney Grass failed to do so. This court's November 13, 2018 order temporarily suspending Attorney Grass' law license was based in part on his failure to respond to the grievances filed by M.E. and E.E.

¶16 By virtue of entering into the stipulation, Attorney Grass admitted the following counts of misconduct with respect to his representation of M.E.:

**Count 3:** By failing to file a postconviction motion on M.E.'s behalf prior to the May 22, 2018 administrative suspension of his law license, Attorney Grass violated SCR 20:1.3.[4]

**Count 4:** By failing to notify M.E. of the May 22, 2018 suspension of his law license and his consequent inability to practice law, Attorney Grass violated SCR 22.26(1),[5] enforceable via SCR 20:8.4(f).[6]

---

[4] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] SCR 22.26(1) provides:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

(d) Within the first 15 days after the effective date of suspension or revocation, make all

(continued)

6

**Count 5:** By willfully failing to respond to the OLR's February 2, 2018 letter seeking a response to the grievances by M.E. and E.E., Attorney Grass violated SCR 22.03(2)[7] and SCR 22.03(6), enforceable via SCR 20:8.4(h).

_____

arrangements for the temporary or permanent closing or winding up of the attorney's practice. The attorney may assist in having others take over clients' work in progress.

(e) Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

(f) Maintain records of the various steps taken under this rule in order that, in any subsequent proceeding instituted by or against the attorney, proof of compliance with the rule and with the suspension or revocation order is available.

[6] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[7] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The

(continued)

## **Client D.P.**

¶17 On or around August 31, 2016, D.P., through his grandmother, hired Attorney Grass as postconviction counsel in a Milwaukee County criminal matter. D.P. wanted Attorney Grass to appeal his conviction or seek a reduction of his sentence or a new trial.

¶18 On September 8, 2016, Attorney Grass appeared on D.P.'s behalf in the criminal matter in the court of appeals district I. On October 18, 2016, Attorney Grass filed a motion for an extension of time to file a notice of appeal or a postconviction motion. The court of appeals granted the motion and extended the deadline to November 17, 2016.

¶19 Between October 18, 2016 and February 14, 2018, Attorney Grass filed 14 motions for an extension of time to file a notice of appeal or a postconviction motion. The court of appeals granted all of the requests but stated, "it appears that counsel has not made a meaningful assessment of his ability to complete the postconviction motion within the requested extended deadline. Multiple requests for extension which counsel is unable to meet are burdensome to the court."

---

respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

¶20 Attorney Grass failed to file a notice of appeal or a postconviction motion by the last extended deadline. He also failed to communicate with D.P. and failed to return phone calls from D.P.'s family.

¶21 In May 2018, D.P. filed a pro se request for a hearing to discharge Attorney Grass as his counsel and appoint new appellate counsel. The court of appeals denied D.P.'s request and directed him to address his complaint against Attorney Grass to the OLR and/or to the State Public Defender's office. On June 11, 2018, the public defender's office notified D.P. that Attorney Grass' license had been suspended.

¶22 D.P. filed a grievance with the OLR against Attorney Grass. Attorney Grass failed to file a response.

¶23 By virtue of entering into the stipulation, Attorney Grass admitted the following counts of misconduct with respect to his representation of D.P.:

**Count 6:** By failing to advance D.P.'s interests in the matter of an appeal or postconviction motion, including failing to file a notice of appeal or postconviction motion in D.P.'s matter by the April 5, 2018 deadline, Attorney Grass violated SCR 20:1.3.

**Count 7:** By failing to communicate with D.P. or D.P.'s family from March 2017 until August 16, 2017 regarding the status of his case, Attorney Grass violated SCR 20:1.4(a)(3).[8]

**Count 8:** By failing to notify D.P. of the May 22, 2018 suspension of his law license and his consequent

---

[8] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

9

inability to practice law, Attorney Grass violated SCR 22.26(1), enforceable via SCR 20:8.4(f).

**Count 9:** By willfully failing to timely respond to the OLR's July 26, 2018 letter seeking a response to D.P.'s grievance, Attorney Grass violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

### Client V.C.

¶24 On October 29, 2016, V.C. hired Attorney Grass as his appellate counsel in a criminal matter in Milwaukee County regarding his conviction and conditions of confinement. He also hired Attorney Grass to respond to potential harassment by V.C.'s alleged co-actor. Attorney Grass told the OLR he received $1,000 in fees from V.C. for four hours of work with no expenses. Attorney Grass also told the OLR he agreed to provide six hours of work without charge to V.C., but had performed over ten hours of work on the case. Attorney Grass told the OLR he was unable to locate his written fee agreement with V.C.

¶25 On December 5, 2016, Attorney Grass filed a motion to request transcripts and the circuit court record. The court of appeals granted the motion and established a deadline of December 23, 2016 to obtain the transcripts and circuit court record. Attorney Grass filed a second motion to extend the time to request transcripts on December 27, 2016. The court of appeals granted the motion and extended the deadline to January 6, 2017.

¶26 On November 19, 2017, Attorney Grass wrote to the court of appeals saying that he had not ordered the transcripts and failed to realize that V.C. was indigent and was entitled to a waiver of the transcript fees.

10

¶27 In the meantime, on August 23, 2017, V.C. had filed a grievance with the OLR against Attorney Grass. Attorney Grass failed to respond to the OLR's request for information about the grievance.

¶28 On December 1, 2017, the court of appeals ordered that the deadline for requesting copies of the transcripts would be January 29, 2018 and directed Attorney Grass to file a status report no later than January 2, 2018. Attorney Grass failed to meet both deadlines.

¶29 Attorney Grass failed to respond to the OLR's repeated requests for information about the grievance. This court's November 13, 2018 order temporarily suspending Attorney Grass' law license was based in part on his failure to respond to the OLR's investigation of V.C.'s grievance.

¶30 By virtue of entering into the stipulation, Attorney Grass admitted the following counts of misconduct with respect to his representation of V.C.:

**Count 10:** By failing to obtain transcripts or seek a waiver of court reporter's fees or otherwise take steps to advance V.C.'s case in a timely manner, Attorney Grass violated SCR 20:1.3.

**Count 11:** By willfully failing to respond to the OLR's request for additional information relating to V.C.'s grievance, Attorney Grass violated SCR 22.03(6), enforceable via SCR 20:8.4(h).

### Client S.B.

¶31 On or about May 29, 2017, S.B. hired Attorney Grass as his appellate counsel in a criminal matter in Milwaukee County to evaluate the prospect of filing a postconviction motion.

11

Attorney Grass' written fee agreement with S.B. stated that work would be performed according to the following pay schedule: $250 per hour for the first four hours, $0 for the following six hours, $100 per hour for the following ten hours, $50 per hour for the following forty hours, and $20 per hour for any further work until completion.  Attorney Grass agreed to provide S.B. monthly billing statements itemizing the work performed on S.B.'s behalf.  S.B. paid Attorney Grass approximately $1,500.

¶32 On June 1, 2017, S.B.'s previous appellate counsel delivered S.B.'s appeal file to Attorney Grass and informed him that the date for filing a notice of appeal or postconviction motion was July 5, 2017.

¶33 In a letter dated December 6, 2017, S.B. wrote to Attorney Grass identifying issues he believed relevant to his postconviction motion.  Attorney Grass failed to respond to the letter.

¶34 Attorney Grass requested, and was granted, three extensions of time for filing a notice of appeal or a postconviction motion on S.B.'s behalf.  He never filed either a notice of appeal or a postconviction motion.

¶35 In a letter dated May 9, 2018, S.B. requested that the public defender's office appoint new counsel for him.  Attorney Grass failed to notify S.B. of the May 22, 2018 suspension of his law license.  S.B. learned about Attorney Grass' suspension when he was copied on a letter from the public defender's office to Attorney Grass, dated May 30, 2018.

¶36 On May 22, 2018, S.B. filed a grievance with the OLR against Attorney Grass. Attorney Grass failed to respond to the OLR's request for information about the grievance.

¶37 On July 3, 2018, S.B.'s prior appellate counsel, who was still an attorney of record for S.B. in the Milwaukee case, requested an extension of time for S.B. to file a postconviction motion or a notice of appeal. The court granted that request.

¶38 On July 6, 2018, Attorney Grass informed the court of appeals, district I that his law license had been suspended. In a letter dated August 8, 2018, Attorney Grass informed the OLR and the clerk of this court that he was unable to provide responses to the OLR's requests for information and that he was "in no present condition to practice."

¶39 By virtue of entering into the stipulation, Attorney Grass admitted the following counts of misconduct with respect to his representation of S.B.:

**Count 12:** By failing to advance S.B.'s interests in the matter of an appeal or postconviction motion, Attorney Grass violated SCR 20:1.3.

**Count 13:** By failing to notify S.B. of the May 22, 2018 suspension of his law license and his consequent inability to practice law, Attorney Grass violated SCR 22.26(1), enforceable via SCR 20:8.4(f).

**Count 14:** By willfully failing to timely respond to the OLR's June 25, 2018 letter seeking a response to S.B.'s grievance, Attorney Grass violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶40 The parties' stipulation states that the terms of the stipulation were not bargained for or negotiated between the parties. Attorney Grass avers that he admits the facts of the

13

misconduct alleged by the OLR and agrees to the level of discipline sought by the OLR, a 60-day suspension of his license to practice law in Wisconsin. Attorney Grass represents that he fully understands the misconduct allegations, fully understands the ramifications should the court impose the stipulated level of discipline, fully understands his right to contest the matter, fully understands his right to consult with and retain counsel, and states that his entry into the stipulation is made knowingly and voluntarily.

¶41 The OLR filed a memorandum in support of the stipulation, citing a number of cases that it claims supports its request for a 60-day suspension: In re Disciplinary Proceedings Against Bartz, 2015 WI 61, 362 Wis. 2d 752, 864 N.W.2d 881 (60-day suspension for five counts of misconduct related to one client matter; attorney had one prior private reprimand); In re Disciplinary Proceedings Against Briggs, 2014 WI 119, 358 Wis. 2d 493, 861 N.W.2d 528 (90-day suspension for 12 counts of misconduct related to two client matters; attorney had no prior disciplinary history); In re Disciplinary Proceedings Against Kasprowicz, 2004 WI 151, 277 Wis. 2d 96, 690 N.W.2d 13 (public reprimand for 16 counts of misconduct related to six client matters; referee found multiple mitigating factors, including medical and emotional problems found to have a causal connection with the misconduct at issue.)

¶42 Although no two attorney disciplinary matters are precisely the same, we find that the misconduct at issue here is somewhat analogous to that at issue in Bartz. While Attorney

14

Bartz had a prior private reprimand and Attorney Grass has no disciplinary history, Attorney Grass has admitted nine more counts of misconduct than was at issue in Bartz. After careful review, we accept the stipulation and impose the jointly requested sanction of a 60-day suspension of Attorney Grass' law license. Because Attorney Grass entered into a comprehensive stipulation, thus obviating the need for the appointment of a referee and a full disciplinary proceeding, we impose no costs in this matter.

¶43 IT IS ORDERED that the license of Gary E. Grass to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶44 IT IS FURTHER ORDERED that, to the extent he has not already done so, Gary E. Grass shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶45 IT IS FURTHER ORDERED that compliance with all conditions of this decision is required for reinstatement. See SCR 22.28(2).

¶46 IT IS FURTHER ORDERED that the administrative suspension of Gary E. Grass' license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, for failure to file Office of Lawyer Regulation trust account certification, and for noncompliance with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

15

¶47 IT IS FURTHER ORDERED that the November 13, 2018 temporary suspension of Gary E. Grass' license to practice law in Wisconsin, due to his willful failure to cooperate with the Office of Lawyer Regulation's investigation in this matter, is lifted.

¶48 IT IS FURTHER ORDERED that no costs are imposed on Gary E. Grass.